IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOSEPH S. RITTER                                                                                           PETITIONER

v.                                  Case No. 6:14-cv-6041-RTD-BAB

RAY HOBBS, Director,                                                                                     RESPONDENT
Arkansas Department of Correction

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, JOSEPH S. RITTER (hereinafter "Ritter"), an inmate confined in the Arkansas Department of Corrections, Ouachita River Unit, Malvern, Arkansas, filed this Petition for Writ of a *Habeas Corpus* pursuant to 28 U.S.C. § 2254.  ECF No. 1.  The Petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.  The Respondent has filed a response as ordered.  ECF No. 6.  For the reasons set forth below, the Petition should be **DENIED**.

**1. Procedural Background**[1]:

Ritter entered a plea of guilty in Searcy County Circuit Court on April 1, 1997, to one count each of rape and kidnaping.  He was sentenced to a total of 342 months imprisonment.  Additionally, the state trial court noted on its judgment and commitment order the sentences were imposed under Ark. Code Ann. § 16-93-611 (Supp. 1995).  Because he entered a plea of guilty, Ritter had no right to a direct appeal and he did not seek such appeal.  *See* ARK. R. CRIM. P. 37.1  He did subsequently file several post conviction motions in state court.  I summarize these here:

**A. 2005 Petition for Declaratory Judgment:** On January 11, 2005, Ritter filed a petition

---

[1] The procedural background is taken from the Petition, Response to Petition, this Court's Docket and the exhibits filed herein.

for declaratory judgment in the Circuit Court of Pulaski County, Arkansas. ECF No. 6-3. He claimed in this petition he was serving 70% of his sentence under Ark. Code Ann. § 16-93-611[2] without receiving meritorious good time. Section 16-93-611 requires inmates convicted of certain crimes to serve at least 70% of the sentence imposed prior to being eligible for parole. He claimed § 16-93-611 was being oppressively applied to his sentence and thereby depriving him of the incentive to earn good time credits. The Circuit Court of Pulaski County denied his petition. ECF No. 6-5. Ritter did not appeal.

**B. 2011 Petition for Declaratory Judgment**: On October 26, 2011, Ritter filed a second petition for declartory judgment this time in the Circuit Court of Jefferson County, Arkansas. In this petition he the Arkansas Department of Corrections ("ADC") was improperly applying the 70% rule to prevent his transfer to the Arkansas Department of Community Corrections ("DCC"). The Circuit Court of Jefferson County denied his petition. ECF No. 6-8. Ritter appealed this order to the Arkansas Supreme Court. The Arkansas Supreme Court upheld the decision of the state trial court, holding:

> We have recognized that this version of section 16-93-611 does not allow for transfer to community-punishment placement until a person who has been found guilty of, or who pleads guilty or nolo contendere to, designated crimes has served seventy percent of his sentence.

*Ritter v. Hobbs*, 2014 Ark. 68, 2 (2014)(citations omitted).

**2. Instant Petition**:

Ritter filed the instant Petition on March 27, 2014. ECF No. 1. In this Petition, he again

---

[2] Section 16-93-611 was repealed by Repealed by Acts of 2011, Act 570, § 96, eff. July 27, 2011. The section has been recodified at Ark. Code Ann. § 16-93-618. This recodification does not effect the analysis of this order.

claims the ADC is wrongfully calculating his the date upon which he can be transferred to the DCC. ECF No. 1, p. 1-2. Ritter specifically states, in paragraph 8 of his petition, he does not challenge § 16-93-611, recognizing it determines his parole eligibility, but he disputes the ADC's interpretation of that statute for purposes of his desired transfer to the DCC. Notably, Ritter does not challenge his conviction or sentence, rather he challenges the location where the State is requiring him to serve that sentence. He also asserts his petition is timely despite being filed many years after his original conviction.

The Respondent asserts the instant Petition is untimely. ECF No. 6. The Respondent also asserts the claims made in the petition are without merit. *Id.*

3. **Discussion**:

A. **Statute of Limitations**: On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one-year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence."

Section 2244(d)(2) also provides the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  The United States Court of Appeals for the Eighth Circuit has also held "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the habeas Petitioner to file a timely federal petition."  *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U.S.C. §2244(d)(1)(A).   The Eighth Circuit has held running of the statute of limitations imposed by §2244(d)(1)(A) is triggered by:

> either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999)[3] quoting *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998).   The United States Supreme Court has recently addressed this provision as it relates to a state court conviction.

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not

---

[3]The holding in  *Nichols* was abrogated in part by *Riddle v. Kemna*, 523 F.3d 850 (8th 2008). This partial abrogation does not change the effect of *Nichols* in the circumstances of this case however.

>appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzales v Thaler*, ___ U.S._____, 132 S.Ct. 641, 653-54 (2012). In other words, where a state prisoner appeals to the highest court of a state, but does not seek a writ of *certiorari* to the United States Supreme Court, his conviction becomes final when the time seeking a writ of *certiorari* expires.

Clearly more than one year has elapsed since Ritter's original conviction in 1997 and his petition is untimely, unless some form of tolling applies.

Assuming he was unaware of the method ADC would use to calculate his eligibility to be transferred to the DCC at the time of his conviction in 1997, he was clearly aware of it by January 11, 2005, when he filed the first of two petitions for declaratory judgment relief in sate court. In both of these petition he was seeking the same relief he seeks here. The state trial court denied his first petition for declaratory judgment relief on February 2, 2006. He did not appeal, thus, assuming this is the final order for purposes of AEDPA timeliness, he had until March 4, 2007 to seek relief in this Court. He failed to do so and his current petition is untimely.

Ritter claims the 2011 petition for Declaratory judgment relief is the appropriate place to start this analysis. I disagree. In both of these actions he sought as relief, a declaration the ADC was improperly calculating his eligibility for transfer to the DCC. The filing of this second petition did not act to restart or toll the running of the statute of limitations.

**B. Equitable Tolling of Statute of Limitations:** The United States Supreme Court has held that the one-year statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling. *See Holland v Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling is proper only when

extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001),   *see, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003), *quoting Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003)("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").  "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'"    *Riddle v. Kemna,* 523 F.3d 850, 857  (8th Cir. 2008)(citations omitted).

Here, while Ritter does not expressly claim equitable tolling.  He clearly knew of his claims as early as January 2005.  There were no extraordinary circumstances beyond his control which made it impossible to file a petition on time.  Equitable tolling is not applicable in this case.  The Petition here should be denied as untimely.

**C.  Jurisdiction**:  This Court also lacks jurisdiction to consider the claims made in this Petition.  In *habeas* proceedings, Federal Courts are only empowered to consider claims of "violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Here Ritter claims an Arkansas state agency is misapplying an Arkansas statute.  To the extent he claims a violation of state law this Court lacks Jurisdiction.

Further, even if this Court were to consider the issue of application of state law, the Arkansas Supreme Court has considered his precise argument and disagrees with Ritter:

> **We have recognized that this version of section 16-93-611 does not allow for transfer to community-punishment placement until a person who has been found guilty of, or who pleads guilty or nolo contendere to, designated crimes**

>**has served seventy percent of his sentence.** Appellant raises a number of arguments in an attempt to suggest that the General Assembly did not intend the seventy-percent requirement to apply to community-punishment transfer in this version of section 16-93-611. He contends that the ADC's calculation of his transfer-eligibility date based on this statute is a violation of his right to due process and that the ADC should calculate his transfer-eligibility date pursuant to section 16-93-611. However . . . appellant fails to set forth any convincing argument or authority in support of his contentions. Where a party fails to cite to authority or fails to provide convincing argument, we will not consider the merits of the argument. Without determining whether appellant is, in fact, even eligible for such transfer, **we hold that section 16-93-611 is the controlling statute for calculation of appellant's transfer-eligibility date.**

*Ritter v. Hobbs*, 2014 Ark. 68, 2-3 (2014)(citations omitted)(emphasis added).

      **D. Due Process Claim**: Ritter also attempts to couch his claim as a Federal Due Process claim. In fact "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). Here a clear reading of § 16-93-611, as interpreted by the Arkansas Supreme Court, shows there is no right under Arkansas law to a transfer to the DCC by a prisoner in Ritter's circumstances. In fact the reverse is true. Arkansas law specifically prohibits such a transfer. Further, Ritter is actually arguing he should be "eligible" for a transfer to DCC, not that he has a "right" to such transfer. As the United States Supreme Court has held:

>no Due Process Clause liberty interest of a duly convicted prison inmate is infringed when he is transferred from one prison to another within the State, whether with or without a hearing, **absent some right or justifiable expectation rooted in state law** that he will not be transferred except for misbehavior or upon the occurrence of other specified events.

*Montanye v. Haymes*, 427 U.S. 236, 242 (1976)(emphasis added). Ritter had no such right "rooted in" Arkansas law. Accordingly Ritter has no right, no "liberty interest," created by state law to such transfer. There is no Due Process violation in this instance.

**4. Conclusion**:

The instant Petition is time barred. Further, this Court lacks jurisdiction to consider any state law claim raised. Finally, even if the Court considers the claim made as a Due Process claim is fails as Ritter has no liberty interest in a transfer from one prison setting to another within the state of Arkansas. The Petition in this matter should be **DENIED**.

**5. Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as and dismissed with prejudice.[4] I also recommend any request for a Certificate of Appealability be **DENIED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **4th day of February 2015.**

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        U.S. MAGISTRATE JUDGE

---

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).